CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 21 2014

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

DOUGLAS W. HUFF, )
) Civil Action No. 7:13CV00325
Plaintiff, )
)
v. ) **MEMORANDUM OPINION**
)
CAROLYN W. COLVIN, Acting )
Commissioner of Social Security, ) By: Hon. Glen E. Conrad
) Chief United States District Judge
Defendant. )

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claims for disability insurance benefits and supplemental security income benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423, and 42 U.S.C. § 1381 et seq., respectively. Jurisdiction of this court is pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). This court's review is limited to a determination as to whether there is substantial evidence to support the Commissioner's conclusion that plaintiff failed to establish entitlement to benefits under the Act. If such substantial evidence exists, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966). Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 401 (1971).

The plaintiff, Douglas W. Huff, was born on June 11, 1968, and eventually reached the seventh grade in school. Apparently, Mr. Huff experiences a learning disability, and participated in special education classes while still in school. Plaintiff has worked as a duct maker, motor vehicle assembler, and automobile body repair helper. He last worked on a regular and sustained basis in

2008. On March 24, 2010, Mr. Huff filed applications for disability insurance benefits and supplemental security income benefits. Plaintiff alleged that he became disabled for all forms of substantial gainful employment on February 10, 2008. He now maintains that he became disabled due to his learning disability, lower back pain, and left elbow pain. Mr. Huff now contends that he has remained disabled to the present time. As to his application for disability insurance benefits, the record reveals that plaintiff met the insured status requirements of the Act at all relevant times covered by the final decision of the Commissioner. See generally, 42 U.S.C. §§ 416(i) and 423(a).

Mr. Huff's applications were denied upon initial consideration and reconsideration. He then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated July 16, 2012, the Law Judge also determined that Mr. Huff is not disabled. The Law Judge found that plaintiff suffers from several severe impairments, including low back pain, hypertension, depression, history of polysubstance abuse, possible borderline intellectual functioning, and learning disorder. Because of these conditions, the Law Judge ruled that plaintiff is disabled for all of his past relevant work roles. However, the Law Judge held that Mr. Huff retains sufficient functional capacity for a limited range of light work. The Law Judge assessed plaintiff's residual functional capacity as follows:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b), with the following exceptions. The claimant is limited to occasional climbing of ramps, stairs, ladders, ropes, and scaffolds, balancing, stooping, kneeling, crouching, and crawling, and must avoid concentrated exposure to hazards. He is limited to simple routine repetitive tasks in a low-stress job defined as having only occasional decision-making or changes in work setting.

(TR 17-18). Given such a residual functional capacity, and after considering plaintiff's age, education, and prior work experience, as well as testimony from a vocational expert, the Law Judge

determined that Mr. Huff retains sufficient functional ability to perform several specific light work roles existing in significant number in the national economy. Accordingly, the Law Judge ultimately concluded that Mr. Huff is not disabled, and that he is not entitled to benefits under either federal program. See generally, 20 C.F.R. §§ 404.1520(g) and 416.920(g). The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, Mr. Huff has now appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff is disabled for all forms of substantial gainful employment. See 42 U.S.C. §§ 423(d)(2) and 1382c(a). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this case, the court is constrained to conclude that the Commissioner's final decision is supported by substantial evidence. Over the years, Mr. Huff has been treated for a variety of conditions, including hypertension, hyperlipidemia, lower abdominal pain associated with a possible hernia, headaches, and a benign growth in his left foot. However, there is no indication that any of these problems seriously affect plaintiff's performance of work-related activities for which he is otherwise capable. The medical record also establishes that plaintiff experiences chronic back pain radiating into his legs, pain in his left elbow with associated

complaints in his left shoulder and neck, depressive disorder, and borderline intellectual functioning. Mr. Huff's doctors have identified the cause of his elbow problems and related complaints as epicondylitis. While the doctors have been less precise in diagnosing the cause of his lower back problems, recent x-ray studies and MRI documented mild degenerative changes as well as mild bilateral disc bulging with mild nerve impingement and mild bilateral stenosis. As for plaintiff's emotional and mental problems, a consultative psychological study in 2010 resulted in diagnoses of recurrent major depressive disorder of moderate intensity, and borderline intellectual functioning.

As noted above, the Administrative Law Judge Administrative Law Judge interpreted the medical evidence so as to suggest residual physical capacity for lighter forms of work activity not involving extreme posturing, prolonged exertion, or more than occasional climbing. The court believes that this assessment is consistent with the evidence of record. The simple fact is that no doctor has suggested that Mr. Huff's musculoskeletal problems are so severe as to constitute or contribute to an overall disability of requisite duration. Indeed, several treating physicians have suggested that plaintiff should engage in regular exercise and therapeutic activities in order to strengthen his lower back. The court agrees that these treatment recommendations are consistent with a finding of residual functional capacity for limited, light work activity.

Mr. Huff's marginal intellectual functioning and depressive disorder pose a somewhat closer question. However, the court believes that the Administrative Law Judge reasonably relied on the consultative psychological report in concluding that Mr. Huff's depression and intellectual limitations are not so severe as to constitute or contribute to an overall disability. In his report, the

consultative psychologist, Dr. Jeffrey B. Luckett, assessed Mr. Huff's capacity for work-related activities as follows:

> The claimant would be able to perform simple and repetitive tasks without difficulty. He has a number of skills, particularly in body shop work. He would be able to work with peers and supervisors without being a liability or distraction to them.

(TR 374). The court finds that, in assessing plaintiff's residual functional capacity, the Administrative Law Judge clearly accounted for the nonexertional limitations identified by Dr. Luckett.

The court also concludes that the Administrative Law Judge reasonably relied on the vocational expert's testimony in finding residual functional capacity for specific, alternate work roles. When asked to consider the residual functional capacity ultimately found by the Law Judge, and based on plaintiff's age, education, and prior work experience, the vocational expert testified that Mr. Huff could be expected to perform a number of light jobs. (TR 45-47). It appears to the court that the expert's evaluation of the vocational factors, and the assumptions under which the expert deliberated, are both reasonable and consistent with the evidence in Mr. Huff's case. The court finds substantial evidence to support the Law Judge's determination that plaintiff retains sufficient functional capacity to perform several specific work roles that exist in significant number in the national economy. It follows that the Commissioner's final decision must be affirmed.

On appeal to this court, plaintiff argues that the Administrative Law Judge's opinion is deficient in several respects. In assessing plaintiff's credibility, the Administrative Law Judge pointed out that Mr. Huff has received "only conservative treatment." (TR 18). Plaintiff argues that it is wrong to infer that his testimony is exaggerated only because he has not undergone surgery or some other form of aggressive treatment. To the extent that the Law Judge's opinion can be read

to this effect, the court agrees. The medical record suggests that Mr. Huff has not been able to financially afford all of the treatment his doctors have prescribed, and that a treating neurosurgeon has indicated that surgical intervention is not recommended. However, as also pointed out by the Law Judge, (TR 18), the objective studies have confirmed that the musculoskeletal deformities in plaintiff's lower back are not overly pronounced, and are best characterized as mild. In terms of plaintiff's subjective complaints, it must be noted that, in order for pain to be deemed disabling, there must be objective medical evidence establishing some condition that could reasonably be expected to produce the pain alleged. Craig v. Chater, 76 F.3d 585, 592-93 (4th Cir. 1996); Foster v. Heckler, 780 F.2d 1125, 1129 (4th Cir. 1986). In the instant case, the court must conclude that plaintiff's evidence falls short in establishing the existence of a condition which could reasonably cause the level of discomfort described by Mr. Huff in his testimony. Thus, the court concludes that the Commissioner's assessment of plaintiff's subjective complaints is supported by substantial evidence.

Though more thought provoking, plaintiff's second argument is also unavailing. Mr. Huff notes that, at the administrative hearing, the Administrative Law Judge actually propounded three hypothetical questions to the vocational expert, and that in response to the third question, the expert testified that there would be no available jobs. (TR 47-48). The third hypothetical included the necessity for a sit/stand option as well as unscheduled work breaks and absences. The vocational expert testified that such requirements would preclude all regular and sustained work activity. (TR 48). Based on the medical evidence, the court believes that there is a close question as to whether Mr. Huff requires a sit/stand option. One treating physician noted that Mr. Huff experiences difficulty sitting, though he was unable to give an opinion as to plaintiff's capacity for prolonged

sitting. (TR 437). Simply stated, the court is unable to conclude that Mr. Huff has met the burden in establishing that he requires a sit/stand option. In any event, the court concludes that the evidence does not support the proposition that Mr. Huff would require unscheduled work breaks. Thus, the court agrees that the third hypothetical question is not fully consistent with the evidence of record.

The court does not consider it especially important that, in responding to multiple hypothetical questions, a vocational expert would find one set of circumstances to be suggestive of total incapacity for work. After all, at the time of the administrative hearing, the Administrative Law Judge has still not determined what factual findings should ultimately be made. A claimant does not meet his burden of proof merely because a vocational expert responds to one hypothetical question in a manner which is favorable to the claim. Indeed, in the instant case, the court believes that the Administrative Law Judge performed admirably in his questioning of the vocational expert, in that the Law Judge explored several possibilities. Stated differently, the court believes that the system worked as it should work.

In affirming the final decision of the Commissioner, the court does not suggest that Mr. Huff is free of all pain, discomfort, weakness, and depression. Indeed, the medical record confirms that plaintiff has suffered from several serious problems which can be expected to result in many subjective complaints, as described by Mr. Huff in his testimony. However, it must again be noted that no doctor has suggested that plaintiff's physical problems are so severe as to result in totally disabling subjective manifestations. Once again, the inability to do work without any discomfort does not of itself render a claimant totally disabled. Craig v. Chater, supra, 594-95. It appears to the court that the Administrative Law Judge considered all of the subjective factors reasonably supported

by the record in adjudicating plaintiff's claims for benefits. It follows that all facets of the Commissioner's final decision are supported by substantial evidence.

As a general rule, resolution of conflicts in the evidence is a matter within the province of the Commissioner even if the court might resolve the conflicts differently. <u>Richardson v. Perales, supra</u>; <u>Oppenheim v. Finch</u>, 495 F.2d 396 (4th Cir. 1974). For the reasons stated, the court finds the Commissioner's resolution of the pertinent conflicts in the record in this case to be supported by substantial evidence. Accordingly, the final decision of the Commissioner must be affirmed. <u>Laws v. Celebrezze, supra</u>. An appropriate judgment and order will be entered this day.

The Clerk is directed to send certified copies of this opinion to all counsel of record.

ENTER: This 21st day of March, 2014.

/s/ Jan Conrad
Chief United States District Judge